UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>    Plaintiff,<br><br>v.<br><br>S. WINN-REED, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00340-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S *IN FORMA PAUPERIS* STATUS BE REVOKED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IN ORDER TO PROCEED WITH THIS ACTION<br><br>(ECF No. 11)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.

## BACKGROUND

Plaintiff William Nible is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 14, 2019. (ECF No. 1.)

On March 14, 2019, Plaintiff filed his first application to proceed *in forma pauperis*. (ECF No. 2.) However, since the application did not include Plaintiff's original signature, the Court determined that Plaintiff's application was deficient. On March 15, 2019, the Court ordered Plaintiff to either submit a new application to proceed *in forma pauperis* that included Plaintiff's original signature or pay the $400.00 filing fee in full within thirty days of the date of service of the order. (ECF No. 5.)

After Plaintiff failed to respond in any way to the Court's March 15, 2019 order, on April

1

25, 2019, the Court issued an order requiring Plaintiff to, within fourteen days from the date of service of the order, either file a new application to proceed *in forma pauperis* that included Plaintiff's original signature, pay the $400.00 filing fee for this action in full, or show cause in writing why this action should not be dismissed for failure to comply with the Court's March 15, 2019 order. (ECF No. 7.)

On May 13, 2019, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 8.) A certified prison trust account statement reflecting the activity in Plaintiff's prison trust account for the last six months was filed on May 16, 2019. (ECF No. 10.)

On May 21, 2019, the Court vacated the order to show cause issued on April 25, 2019 and granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 11.)

However, when the Court began screening Plaintiff's complaint, the Court extensively reviewed Plaintiff's litigation history with the Court and discovered that, on three occasions prior to the filing of the instant matter, lawsuits filed by Plaintiff have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, for the reasons stated herein, the Court will recommend to the District Judge that the Court's May 21, 2019 order granting Plaintiff's application to proceed *in forma pauperis* be vacated, that Plaintiff's *in forma pauperis* status be revoked, and that Plaintiff be required to pay the $400.00 filing fee in full prior to proceeding any further with this action.

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were

frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

### III.

### DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court takes judicial notice of the following cases[1]: (1) Nible v. Warden, Case No. 1:08-cv-00713-JMR (E.D. Cal.) (dismissed on November 3, 2009 for failure to state a claim); (2) Nible v. Harrington, Case No. 1:09-cv-01993-SKO (E.D. Cal.) (dismissed on June 14, 2011 for failure to state a claim); and (3) Nible v. California Department of Corrections, Case No. 1:13-cv-01127-DLB (dismissed on October 20, 2014 for failure to state a claim).

Therefore, Plaintiff's motion to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on March 14, 2019. Andrews, 493 F.3d at 1053-56. In his complaint, Plaintiff alleges that a mailroom supervisor and various mailroom workers at Sierra Conservation Center refused to properly send various pieces of mail that Plaintiff presented for mailing and failure to promptly deliver mail to Plaintiff, that inmate appeals coordinators failed to properly process Plaintiff's inmate grievances, and that the Associate Warden at Sierra Conservation Center ignored the continuous and ongoing failures of the mailroom and the inmate grievance process. However, since Plaintiff has not alleged that suffered any physical injury as a result of the allegations set forth in the complaint, Plaintiff's complaint fails to make a plausible allegation that he was in imminent danger of serious physical injury at the time he filed his

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

complaint. Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), the undersigned will recommend that Plaintiff's *in forma pauperis* status be revoked. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## IV.

## ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. The order granting Plaintiff's application to proceed *in forma pauperis*, (ECF No. 11), be VACATED, and Plaintiff's *in forma pauperis* status be REVOKED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 27, 2019**

UNITED STATES MAGISTRATE JUDGE

4