# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NIBLE,<br><br>        Plaintiff,<br><br>    v.<br><br>S. WINN-REED, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00340-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff William Nible is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 14, 2019. (ECF No. 1.)

      On March 14, 2019, Plaintiff filed his first application to proceed *in forma pauperis*. (ECF No. 2.) However, since the application did not include Plaintiff's original signature, the Court determined that Plaintiff's application was deficient. On March 15, 2019, the Court ordered Plaintiff to either submit a new application to proceed *in forma pauperis* that included Plaintiff's original signature or pay the $400.00 filing fee in full within thirty days of the date of service of the order. (ECF No. 5.)

      After Plaintiff failed to respond in any way to the Court's March 15, 2019 order, on April 25, 2019, the Court issued an order requiring Plaintiff to, within fourteen days from the date of

1

| | |
|---|---|
| 1 | service of the order, either file a new application to proceed *in forma pauperis* that included |
| 2 | Plaintiff's original signature, pay the $400.00 filing fee for this action in full, or show cause in |
| 3 | writing why this action should not be dismissed for failure to comply with the Court's March 15, |
| 4 | 2019 order. (ECF No. 7.) |
| 5 | On May 13, 2019, Plaintiff filed an application to proceed *in forma pauperis* pursuant to |
| 6 | 28 U.S.C. § 1915. (ECF No. 8.) A certified prison trust account statement reflecting the activity |
| 7 | in Plaintiff's prison trust account for the last six months was filed on May 16, 2019. (ECF No. |
| 8 | 10.) |
| 9 | On May 21, 2019, the Court vacated the order to show cause issued on April 25, 2019 and |
| 10 | granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 11.) |
| 11 | However, when the Court began screening Plaintiff's complaint, the Court extensively |
| 12 | reviewed Plaintiff's litigation history with the Court and discovered that, on three occasions prior |
| 13 | to the filing of the instant matter, lawsuits filed by Plaintiff have been dismissed on the grounds |
| 14 | that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. |
| 15 | Therefore, on June 27, 2019, the undersigned issued findings and recommendations |
| 16 | recommending that the court's May 21, 2019 order granting plaintiff's application to proceed *in* |
| 17 | *forma pauperis* be vacated, that plaintiff's *in forma pauperis* status be revoked pursuant to 28 |
| 18 | U.S.C. § 1915(g), and that plaintiff be required to pay the $400.00 filing fee in full prior to |
| 19 | proceeding any further with this action. (ECF No. 12.) Plaintiff did not file any written |
| 20 | objections to the findings and recommendations. |
| 21 | On October 21, 2019, the assigned District Judge issued an order adopting the June 27, |
| 22 | 2019 findings and recommendations, vacating the May 21, 2019 order granting Plaintiff's |
| 23 | application to proceed *in forma pauperis*, and ordering Plaintiff to pay the $400.00 filing fee in |
| 24 | full within twenty-one (21) days. (ECF No. 13.) Additionally, the October 21, 2019 order |
| 25 | warned Plaintiff that, if he failed to pay the filing fee within the specified time, the action would |
| 26 | be dismissed. (Id. at 2.) |
| 27 | The twenty-one (21) day period has now expired, and Plaintiff has failed to pay the |
| 28 | $400.00 filing fee in full or otherwise respond to the Court's October 21, 2019 order. |

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

A civil action may not proceed unless the plaintiff pays the filing fee in full or the plaintiff's application to proceed *in forma pauperis* is granted. See 28 U.S.C. §§ 1914, 1915. Since Plaintiff's application to proceed *in forma pauperis* has been denied, Plaintiff has failed to pay the filing fee within the allotted time, and Plaintiff has not otherwise responded to the Court's October 21, 2019 order, the Court is left with no alternative but to dismiss this action. This action has been proceeding since March 2019 and can proceed no further without Plaintiff's cooperation and compliance with the Court's October 21, 2019 order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's October 21, 2019 order, (ECF

No. 13), and failure to pay the filing fee.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 18, 2019**

UNITED STATES MAGISTRATE JUDGE